IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHARLES E. FRANCIS, JR.,

                **Plaintiff,**

      v.                                                           CASE NO. 19-3021-SAC

CORRECTIONS CORPORATION OF AMERICA,

                **Defendant.**


**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Charles E. Francis, Jr., a federal prisoner at the Leavenworth Detention Center in Leavenworth, Kansas ("CCA-Leavenworth"), brings this *pro se* civil rights action 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Mr. Francis's Complaint (ECF No. 1) takes issue with the medical care he has received while being held at CCA-Leavenworth. Plaintiff names as defendant Corrections Corporation of America (CCA), which owns and operates CCA-Leavenworth.

Plaintiff refers to three separate incidents in the Complaint. First, Plaintiff was injured on May 16, 2017, when he fell going through the door to the medical unit, and the metal detector tipped over and landed on his back. A corrections officer witnessed the accident. Mr. Francis had a migraine headache and pain in his knees, ankles, upper neck, and back after the incident. He

was x-rayed, but he seems to dispute the thoroughness of the x-rays ("they x-rayed what they wanted to" (ECF No. 1 at 4)). He continues to suffer pain in his upper and lower back, knees, and ankles, and continues to have migraine headaches.

In the second incident, Plaintiff alleges that he suffered a heart attack in 2018 because a facility doctor gave him the wrong medication. His heart rate dropped, and he was taken to the hospital where he stayed overnight and had some tests run. When he was returned to CCA-Leavenworth, he received no further treatment.

The third incident Plaintiff mentions occurred on August 5, 2018. Plaintiff states one of the corrections officers slammed his arms against a door, and one of his hands was swollen as a result. Plaintiff states that "they did not want to take me to the hospital and they did not do no x-rays on my hand", and his arm continues to hurt. ECF No. 1 at 5.

Plaintiff claims Defendant has not provided him with the treatment that he needed for his injuries. He seeks compensation for his pain and suffering.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

3

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Failure to State a Cause of Action

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). Plaintiff names CCA as the only defendant. This corporate entity is not a "person" acting under color of state law so as to be amenable to suit under § 1983.

Nor does Plaintiff have an established cause of action against CCA under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant in a *Bivens* action is a federal official or agent, not a private corporation. *See Correctional Services*

*Corp. v. Malesko,* 534 U.S. 61 (2001); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (There is no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.). Kansas law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence. *See Peoples,* 422 F.3d at 1105. Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action in federal court under either § 1983 or § 1331 and *Bivens.*

**B. Failure to State a Federal Constitutional Claim**

The Court also finds that the facts alleged by Plaintiff, taken as true, fail to state a claim of a federal constitutional violation. Plaintiff does not specify which of his federal constitutional rights was violated. He is most likely attempting to state a claim of cruel and unusual punishment under the Eighth Amendment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745,

751 (10th Cir. 2005). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir .2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer,* 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding what constitutes reasonable treatment does not constitute cruel and unusual punishment. *See Estelle,* 429 U.S. at 106–07; *Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *El'Amin v. Pearce,* 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

In this case, Mr. Francis has not described acts or omissions by particular personnel that were sufficiently harmful, cruel or prolonged so as to support a claim of deliberate indifference to

6

serious medical needs. In the first and third incidents, his allegations show his injuries were evaluated but are not sufficient to show whether he received any treatment initially, the seriousness of his injuries, whether he has notified medical personnel of his ongoing complaints, or whether he is currently receiving any treatment. As for the second incident, Mr. Francis states that "the doctor gave [him] the wrong pills." ECF No. 1 at 4. Though the unnamed doctor may have been negligent, there were no allegations that he or she knew the medication would be harmful. When Mr. Francis suffered an adverse reaction, he was immediately taken to the hospital for treatment. The doctor's alleged mistake does not suggest deliberate indifference. *See Peterson v. Creany*, 680 F. App'x 692, 697 (10th Cir. 2017); *see also Johnson v Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) (holding that an improper prescription for a leg stocking, intended to treat leg cramps and swelling, would not rise to the level of a constitutional violation); *see also Brown v. Prison Health Servs., El Dorado Corr. Facility*, 159 F. App'x 840, 841 (10th Cir. 2005) (concluding that a § 1983 plaintiff failed to state a claim when there was no indication that prison officials knowingly prescribed an inappropriate medication).

The Court finds that Plaintiff has thus failed to state facts sufficient to support a plausible claim of cruel and unusual punishment. Plaintiff is given time to allege additional, sufficient facts or show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be

dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file an Amended Complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 13, 2019**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 13, 2019**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3021-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

DATED:  This 11th day of April, 2019, at Topeka, Kansas.


                              **s/ Sam A. Crow**
                              **SAM A. CROW**
                              **U.S. Senior District Judge**