IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES E. FRANCIS, JR.,

               **Plaintiff,**

     v.                                               CASE NO. 19-3021-SAC

CORRECTIONS CORPORATION OF AMERICA,

               **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated April 11, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted, or, in the alternative, to file an amended complaint curing the deficiencies with the original complaint. Before the Court is Plaintiff's amended complaint (ECF No. 10).

The amended complaint fails to cure the deficiencies with the original complaint identified by the Court in its order. Plaintiff continues to name CCA as the only defendant to his amended complaint. To state a claim in a § 1983 action against a corporate entity, the plaintiff must allege that a corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citations omitted). Plaintiff fails

1

to include sufficient factual allegations to show that any employee or agent of CCA violated his constitutional rights, and he fails to contend any policy or custom of CCA caused a violation of his rights. Therefore, the amended complaint does not state a claim under § 1983 against CCA. *See Urioste v. Corizon & Centurion Health Care Providers*, No. CV 16-00755 JCH/KRS, 2019 WL 267467, at *4 (D.N.M. Jan. 18, 2019).

Moreover, § 1983 is inapplicable to Plaintiff's claims. To proceed under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49.

Plaintiff does not dispute that he is a federal prisoner. His confinement in CCA-Leavenworth was pursuant to the authority of a *federal* entity to confine him, presumably either the United States Marshal Service or the Bureau of Prisons, thus his allegations fail to establish that any defendant acted under color of *state* law for the purpose of establishing a cause of action under 42 U.S.C. § 1983.

Nor is CCA amenable to suit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations).

However, the proper defendant to a *Bivens* action is a federal official or agent, not a private corporation. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 70-71 (2001) (a *Bivens* action does not lie against a private entity acting under color of federal law). CCA is a private company contracted by the federal government to house federal prisoners in its private prison in Leavenworth. Plaintiff's claims against CCA must be dismissed pursuant to *Malesko*.

Even if Plaintiff had named an individual defendant, his complaint would still be subject to dismissal. The personnel at CCA are not federal officials or agents but rather employees of a private company. The Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (there is no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state causes of action for damages, such as medical malpractice, are available to plaintiff)..

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the *government* [or] personnel employed by a *private* firm." *Minneci*, 565 U.S. at 126 (emphasis in original). The Supreme Court rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id.* at 126-27.

In *Minneci,* the Supreme Court held that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack

3

effective remedies.'" *Id.* at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id.* (citing *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007)).

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care . . . on prison employees in every one of eight States where privately managed secure federal facilities are currently located." *Id.* at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.* at 130. Kansas is a state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963-64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n. 12 (D. Kan. March 11, 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples*, 422 F.3d at 102). The Tenth Circuit found that where Plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).

Plaintiff's remedy, if any, against CCA or its employees is an action in state court for negligence or other misconduct. *See Lindsey v. Corrections Corp. of America*, No. 07-3067-EFM, 2009 WL 2703691, at *7 (D. Kan. Aug. 25, 2009) (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights); *see also Menteer v. Applebee*, No. 04-3054-MLB, 2008 WL 2649504, at *8-9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgarnter*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CCA or its employees.

The Court also found the original complaint was subject to dismissal for failure to state a constitutional claim. Plaintiff did not describe acts or omissions by particular personnel at CCA-Leavenworth that were sufficiently harmful, cruel or prolonged so as to support a claim of deliberate indifference to serious medical needs under the Eighth Amendment.

In his amended complaint, Plaintiff repeats his previous allegations without adding any facts that address the Court's concerns. He does include an additional count wherein he complains his stomach hurt and he vomited all night on April 3, 2019, but he was not allowed to see the doctor. He states that he was given medication and returned to the pod. This count also fails to state an Eighth Amendment claim. Plaintiff demonstrates neither a serious medical need nor deliberate indifference. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Plaintiff's allegations

show that CCA employees did not disregard an excessive risk to Plaintiff's health or safety. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

Because Plaintiff's amended complaint fails to state a claim on which relief may be granted, the amended complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint is dismissed.

**IT IS SO ORDERED.**

DATED: This 15th day of November, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**